**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SUNSET MANOR, INC., a Kansas
corporation, d/b/a Sunset Manor,

Petitioner,

v.

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN
SERVICES,

Respondent.

No. 08-9535
(No. HHS-1: A-07-133)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

This is an appeal from a final decision of the Secretary of Health and

Human Services (Secretary), affirming a civil monetary penalty against Sunset

Manor, Inc. (Sunset) for noncompliance with a fire-safety regulation. We have

jurisdiction under 42 U.S.C. § 1320a-7a(e) and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sunset is a skilled-nursing facility in Frontenac, Kansas. As a Medicare participant, among other things, its "facility must be designed, constructed, equipped, and maintained to protect the health and safety of residents, personnel and the public." 42 C.F.R. § 483.70. With regard to fire safety, § 483.70 (a)(1)(i) states "the facility must meet the applicable provisions of the 2000 edition of the Life Safety Code of the National Fire Protection Association." In turn, § 9.6.4 of the Life Safety Code (LSC) incorporates "NFPA 72, *National Fire Alarm Code*[]" regarding alarm systems "to alert the municipal fire department . . . of fire or other emergency." R., Vol. 6 at 502-03. For facilities like Sunset that have chosen a central station alarm system, § 5-2.6.1.1 of the National Fire Alarm Code, NFPA 72 (1999 ed.) (NFAC) provides the central station must "[i]mmediately retransmit the alarm to the public fire service communications center." R., Vol. 6 at 545. And NFAC Appendix § A-5-2.6.1.1(1) states "[t]he term *immediately* . . . mean[s] 'without unreasonable delay[,]'" and that "[r]outine handling should take a maximum of 90 seconds from receipt of an alarm signal by the central station until the initiation of retransmission to the public fire service communications center." R., Vol. 6 at 544.

On April 4, 2005, a state inspector acting on behalf of the Centers for Medicare & Medicaid Services (CMS) conducted a fire-safety inspection and reported that Sunset's "fire alarm monitoring company was unable to reach [the]

Frontenac Fire Department dispatch center for over 5 minutes due to busy signals[,]" *id.* at 456, which "subjected [the residents] to unnecessary risk." *Id.* at 478. On the basis of the report, CMS concluded that Sunset was not in substantial compliance with the LSC and because the residents were in immediate jeopardy,[1] it imposed a $2,000 civil penalty.

Sunset received an evidentiary hearing before an administrative law judge (ALJ). In a detailed and studied decision, the ALJ held the NFAC could not be enforced as a regulation against Sunset; however, he concluded it was "evidence of industry standard in the area of fire alarms," *Id.* Vol. 2 at 4, and Sunset violated 42 C.F.R. § 483.70 "because the fire alarm caused by the drill the surveyor triggered was not delivered to the fire department without unreasonable delay." *Id.* at 5. He also upheld the civil monetary penalty. On appeal, the Departmental Appeals Board (Board) upheld the ALJ's decision.

"On review in this court, the Secretary's findings of fact, 'if supported by substantial evidence on the record considered as a whole, shall be conclusive.'" *S. Valley Health Care Ctr. v. Health Care Fin. Admin.*, 223 F.3d 1221, 1223 (10th Cir. 2000) (quoting 42 U.S.C. § 1320a-7a(e)). "Our review is also governed by 5 U.S.C. § 706. Under § 706(2), we may set aside agency conclusions if they are [among other things] . . . arbitrary, capricious, an abuse of discretion, or

---

[1]     Sunset abated the immediate-jeopardy condition the same day as the inspection – April 4, 2005.

-3-

otherwise not in accordance with law[.]" *St. Anthony Hosp. v. U.S. Dep't of Health and Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002) (citing 5 U.S.C. § 706(2)(A)).  Finally, "[w]e give substantial deference to an agency's interpretation and application of its own regulations.  *S. Valley,* 223 F.3d at 1223.

Sunset argues "under the LSC, [its] 'system' and responsibility for fire department notification each terminate with successful annunciation of its fire ala[r]m to an approved central station[.]"  Pet'r Op. Br. at 19-20.  The Board rejected "Sunset['s] . . . narrow conception of its obligations under the regulations,"  R., Vol. 2 at 31, and concluded it "must do more than merely hook up its fire alarm system . . . and hope for the best.  It must take reasonable steps to ensure that its alarm system and associated protocols operate to achieve their intended protective purpose in the circumstances for which they were designed." *Id*.  This is a reasonable interpretation of 42 C.F.R. § 483.70, which requires a facility to be "equipped[] and maintained to protect[] . . . health and safety[.]"

The parties stipulated that "[p]rior to this fire drill, Sunset Manor did not know about any technical limitations or logistical difficulties at the Frontenac Fire Department dispatch center that would prevent or interfere with its timely receipt of a fire alarm notice from the facility's UL-listed monitoring agency." R., Vol. 3 at 116.  As such, Sunset contends that it cannot be "subject to enforcement remedies for [an] unexpected delay . . . caused by circumstances neither foreseen nor within its reasonable control."  Pet'r Op. Br. at 19.  The

record shows that Sunset provided telephone numbers for its alarm monitoring company to contact.  First on the list was the Frontenac emergency dispatch center (which Sunset never investigated to determine whether it had a dedicated emergency telephone line); the second number was Sunset's former administrator, who the alarm company learned was deceased when it called to report the fire; and the third number was that of the current administrator who did not answer.[2] That Sunset gave the alarm company the names and telephone numbers of several people to call in an emergency belies the notion that its obligation ended with the installation of the system and the delay in contacting emergency services was neither foreseeable nor within its reasonable control.  Indeed, "[a]s an element of its immediate corrective actions, Sunset Manor was able to have its monitoring company call the dedicated emergency line at a nearby sheriff's office (while later the Frontenac dispatch center upgraded its system to provide that service)." R., Vol. 2 at 32.[3]

---

[2]     Given that there must be a station at the facility that is always staffed, it strikes us that Sunset could have provided that telephone number to the alarm company rather than number of an administrator who might not be available.

[3]     Sunset also claims that it was not required by the 42 C.F.R. § 483.70 or the LSC to have a back-up plan in the event its notification system failed.  As a general proposition, this might be a correct statement, and neither the ALJ nor the Board found otherwise.  However, it misapprehends the ALJ's decision and the burden of proof.  The ALJ found that once CMS made a prima facie showing of a violation of § 483.70, it fell to Sunset to rebut that showing or establish an affirmative defense, which it might have done by proving that it had a back-up plan.  R., Vol. 2 at 18.

Last, Sunset argues that because the ALJ concluded the NFAC does not have the force and effect of a regulation,[4] the delay in retransmission cannot serve as a basis for a violation of 42 C.F.R. § 483.70. This argument misses the mark. As the Board stated:

> Even if the NFAC does not independently have the force and effect of a regulation, the ALJ recognized that it can be relevant for other purposes such as evidencing industry standards. . . . Here, Sunset Manor is not being held to substantial provisions of the NFAC on how long a delay may be countenanced for retransmission of an alarm. Rather, the NFAC provisions provide relevant context for assessing the reasonableness of measures Sunset Manor adopted to protect residents from fire hazards. . . . Even Sunset Manor does not suggest . . . that it could properly provide for . . . safety . . . if it did not take steps needed to avoid lengthy and patently unreasonable delays in emergency response that might occur if there was a disruption in communication between the central monitoring station and the emergency responders. We find that the NFAC discussion of immediate retransmission provides a useful and widely accepted point of reference to understand whether the delay here was unreasonable.

R., Vol. 2 at 37.

The decision of the Secretary is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[4] The Board vacated the ALJ's conclusion that the NFAC was not enforceable as a regulation as "unnecessary to our decision in this case." R., Vol. 2 at 37.